**WEI TIAN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, United States Department of Justice, Respondents.**

No. 07–5456–ag.

United States Court of Appeals, Second Circuit.

June 26, 2008.

Dehai Zhang, Flushing, NY, for petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Tracie N. Jones, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wei Tian Lin, a native and citizen of China, seeks review of the November 8, 2007 order of the BIA affirming the January 13, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Tian Lin,* No. A98 713 527 (B.I.A. Nov. 8, 2007), *aff'g* No. A98 713 527 (Immig. Ct. N.Y. City Jan. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d

155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

A. Asylum and Withholding of Removal

■ The record supports the IJ's conclusion that Lin failed to establish that he suffered persecution on account of his political opinion or that he has a well-founded fear of persecution on that ground. Although he testified that he was arrested and mistreated while detained for having left China without authorization in April 2004, he did not provide any evidence that the authorities who arrested and detained him were in any way motivated by their perception of his political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). As we have observed, "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). Although Lin presented evidence of his mother's sterilization, "a claim of persecution based solely on a forced abortion or sterilization procedure without evidence of further harm can only be brought by the individual who has undergone the procedure," *Jiang v. Gonzales,*

500 F.3d 137, 141 (2d Cir.2007), and Lin has made no claim that whatever views he might hold about family planning policy have been made known to the authorities. Therefore, the agency did not err in denying Lin's asylum application due to his failure to show past persecution or a discernable chance of future persecution on account of his political opinion. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). Furthermore, because Lin was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

B. CAT Claim

■ Lin's claim that he will be tortured by the Chinese government for his alleged illegal departure is largely governed by *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005), and *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). In these two cases, we concluded that evidence that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. In *Mu–Xing Wang,* we made clear that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured. 320 F.3d at 143–44. Lin fails to point to any evidence that someone in his particular circumstances will more likely than not face torture in China. Accordingly, the agency's denial of CAT relief was not in error.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).